UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN A. PRICE,
Plaintiff,

v.

BOARD OF EDUCATION
OF HOWARD COUNTY,
Defendant.

Civil Action No. JRR25CV3444

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
10/17/2025
CLERK'S OFFICE
AT GREENBELT
BY B.W DEPUTY CLERK

# COMPLAINT

Plaintiff, Stephen A. Price ("Plaintiff"), by way of Complaint against Defendant, the Board of Education of Howard County ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims arise under federal law.

3. Venue is proper under 28 U.S.C. § 1391(b) because Defendant is located in Howard County, Maryland, and all material events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff is a resident of Columbia, Maryland. He is an African-American male over forty (40) years of age and a former teacher employed by Defendant.

5. Defendant, the Board of Education of Howard County, is a public entity receiving federal funds and under Maryland is responsible for employment and administrative decisions for Howard County Public Schools.

## FACTUAL BACKGROUND

6. Plaintiff was employed by Defendant as a Social Studies teacher from approximately August 2013 until his termination in 2021.

7. Throughout his employment, Plaintiff received performance ratings of "effective."

8. No investigation or finding of misconduct was ever made against Plaintiff before his termination.

9. In or about September 2024, Plaintiff applied for several Social Studies teaching positions within Howard County Public Schools.

10. Plaintiff met all stated qualifications for those positions.

11. Defendant declined to interview or rehire Plaintiff and instead selected younger and/or white candidates of equal or lesser qualifications.

12. Prior to his non-selection, Plaintiff engaged in protected activity by filing internal grievances and administrative complaints alleging race discrimination and retaliation.

13. Defendant was aware of Plaintiff's protected activity when making employment decisions concerning him.

14. Plaintiff's non-selection occurred shortly after his protected activity, establishing a causal connection between the two.

15. Defendant's actions caused Plaintiff economic loss, reputational harm, and emotional distress.

16. Data obtained through a Maryland Public Information Act request shows that, among 248 Social Studies teachers in Howard County secondary schools, only 8 were Black males and 12 were Black females, indicating substantial underrepresentation of Black educators.

## COUNT I – RETALIATION IN VIOLATION OF TITLE VII

*(42 U.S.C. § 2000e-3(a))*

17. Plaintiff repeats and realleges the allegations set forth in Paragraphs 12 through 14 as if fully stated herein.

18. Plaintiff engaged in protected activity under Title VII by filing grievances and administrative complaints opposing race-based discrimination.

19. After engaging in that protected activity, Defendant retaliated against Plaintiff by refusing to interview or rehire him for the 2024 Social Studies positions identified in Paragraphs 9–11.

20. Defendant's refusal to consider Plaintiff for reemployment was a materially adverse employment action undertaken because of his protected activity.

21. Defendant's conduct constitutes unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

22. As a result, Plaintiff has suffered lost wages, loss of benefits, reputational injury, and emotional distress.

WHEREFORE, Plaintiff requests judgment in his favor, back pay, compensatory damages, injunctive relief prohibiting further retaliation, and such other relief as the Court deems just and proper.

## COUNT II – RACE DISCRIMINATION

*(Title VII, 42 U.S.C. § 2000e-2(a))*

23. Plaintiff repeats and realleges the allegations set forth in Paragraphs 6 through 11 and 16 as if fully stated herein.

24. Plaintiff is an African-American male who was fully qualified for the teaching positions for which he applied in 2024.

25. Defendant selected white applicants of equal or lesser qualifications for those positions.

26. Defendant's decision not to rehire Plaintiff was motivated by race and resulted in both disparate treatment and disparate impact.

27. Defendant's conduct constitutes unlawful race discrimination in violation of 42 U.S.C. § 2000e-2(a).

28. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income, career opportunities, and emotional harm.

WHEREFORE, Plaintiff requests judgment against Defendant, compensatory damages, equitable relief to correct discriminatory hiring practices, and such further relief as this Court deems just and proper.

## COUNT III – AGE DISCRIMINATION

### *(Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)*

29. Plaintiff repeats and realleges the allegations set forth in Paragraphs 6 through 11 as if fully stated herein.

30. At the time of his 2024 applications, Plaintiff was over forty (40) years old.

31. Defendant selected substantially younger candidates for the same positions despite Plaintiff's superior experience and record of effectiveness.

32. Age was a motivating factor in Defendant's decision not to rehire Plaintiff.

33. Defendant's conduct constitutes unlawful discrimination under the Age Discrimination in Employment Act.

34. As a result of Defendant's actions, Plaintiff has suffered lost income, lost benefits, and damage to his professional standing.

WHEREFORE, Plaintiff seeks judgment against Defendant for back pay, front pay, liquidated damages under 29 U.S.C. § 626(b), reinstatement or priority consideration for future positions, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in his favor on all counts;
B. Award back pay, front pay, compensatory and liquidated damages;

C. Order reinstatement or priority consideration for future employment;
D. Award costs and, if applicable, reasonable attorney's fees; and
E. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Date: October 17, 2025

Respectfully submitted,

_____
STEPHEN A. PRICE
Plaintiff, Pro Se
6736 Quiet Hours
Columbia, Maryland 21045
(240) 535-1600
priceless1071@gmail.com