**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **STEPHEN A. PRICE,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**BOARD OF EDUCATION OF HOWARD COUNTY,**<br><br>***Defendant*.** | **Civil No.: 1:25-cv-03444-JRR** |

## MEMORANDUM OPINION

Pending now before the court is Defendant the Board of Education of Howard County's Motion to Dismiss at ECF No. 9 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, Defendant's Motion will be granted.

## I. BACKGROUND[1]

Plaintiff, an African American man over 40 years old, was employed by Defendant as a Social Studies teacher from 2013 to 2021. (ECF No. 1 ¶¶ 4, 6.) Defendant is a public entity receiving federal funds. *Id.* ¶ 6. While Plaintiff received "effective" performance ratings throughout his employment, his employment with Defendant was ultimately terminated pursuant to section 6-202 of the Education Article of the Maryland Code. (ECF No. 1 ¶¶ 6–7; ECF Nos. 1-6, 1-7.)[2] *See* MD. CODE ANN., EDUC. § 6-202(a)(1) (permitting a county board to suspend or dismiss a teacher for, *inter alia*, insubordination, incompetency, or willful neglect of duty).

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *See Byers v. Painter*, 173 F.4th 155, 158 (4th Cir. 2026).

[2] Plaintiff attaches as exhibits to his Complaint the email correspondence at ECF Nos. 1-6 and 1-7, which the court may properly consider in ruling on the Motion. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (discussing same in ruling on a motion to dismiss).

Following his termination, Plaintiff applied (and was qualified) for several Social Studies teaching positions within Howard County Public Schools in or around September 2024. (ECF No. 1 ¶¶ 9–10.) "Defendant declined to interview or rehire Plaintiff and instead selected younger and/or white candidates of equal or lesser qualifications." *Id.* ¶ 11. Shortly before his non-selection for these positions, Plaintiff filed internal grievances and administrative complaints alleging race discrimination and retaliation. *Id.* ¶ 12. Plaintiff alleges that Defendant was aware of his grievances, but Plaintiff does not indicate in his Complaint to whom or about whom he made these complaints. *Id.* ¶¶ 12–14. Plaintiff contends that Defendant's refusal to hire him for the teaching positions for which he applied in September 2024 was retaliation for his filed grievances, and was also motivated by race and age. *Id.* ¶¶ 18–33. According to Plaintiff, relevant data of Social Studies teachers in Howard County secondary schools "indicat[es] substantial underrepresentation of Black educators." *Id.* ¶ 16.

Plaintiff initiated this action on October 17, 2025. (ECF No. 1.) He raises three claims: retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a) (Count I); race discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a) (Count II); and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* *Id.* ¶¶ 17–34. In response, Defendant filed the instant Motion to dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 9.)

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 283 (1986)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## III. ANALYSIS[3]

### A. Race and Age Discrimination Claims

Defendant argues Plaintiff does not plausibly allege race or age discrimination and urges that Plaintiff's Complaint is a threadbare recitation of the elements.[4] As such, Defendant contends, the Complaint fails to state a claim. (ECF No. 9-1 at pp. 5–8.)

Title VII forbids an employer from, *inter alia*, failing or refusing to hire an individual because of the individual's race. 42 U.S.C. § 2000e-2(a)(1). The ADEA similarly "prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age." *E.E.O.C. v. Baltimore Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014) (quoting 29 U.S.C. §§ 623(a)(1), 631(a)). A plaintiff may prove race or age discrimination "through either of two methods: (1) direct evidence of discrimination, or (2) through the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, [411 U.S. 792 (1973)], and its progeny." *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025) (citing *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019)); *see Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (same as to ADEA). Absent direct evidence, as is the case here, a plaintiff must establish a *prima facie* case pursuant to the *McDonnell Douglas* framework. Pursuant to the *McDonnell Douglas* framework, the plaintiff

[3] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

[4] Defendant argues Plaintiff fails to state a claim under Title VII or the ADEA whether the court considers the exhibits attached to the Complaint or not. (ECF No. 9-1 at pp. 5–8.) Indeed, Defendant goes a step further and argues that the exhibits Plaintiff offers countenance dismissal. *Id.* at p. 8.

bears the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981).

The elements of a prima facie case of discriminatory failure to hire under Title VII or the ADEA include "that: (i) [the plaintiff] applied for an open position, (ii) [he] was qualified for the position, and (iii) [he] was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Jackson v. Girl Scouts Council of Colonial Coast*, No. 4:18CV129, 2019 WL 13295813, at *5 (E.D. Va. Dec. 20, 2019), *aff'd,* 806 F. App'x 223 (4th Cir. 2020); *see Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 544 (4th Cir. 2003) (Title VII); *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (ADEA). *See also Ruffin v. City of Mount Rainier, Maryland*, No. CV DKC 26-244, 2026 WL 1703706, at *4 (D. Md. June 12, 2026) ("A *prima facie* discrimination case under the ADEA shares substantially the same elements, with the specification that the protected class is individuals at least forty years of age.").

While a plaintiff need not establish a prima facie case at the motion to dismiss stage, he must still "produce sufficient allegations, accepted as true, to state 'a claim to relief that is plausible on its face.'" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 819 (4th Cir. 2026) (quoting *Iqbal*, 556 U.S. at 678); *see Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (same as to ADEA). Specifically, a plaintiff must "allege facts to satisfy the elements of a cause of action created by that statute," such as that Defendant failed or refused to hire him because of his race, *see* 42 U.S.C. § 2000e–2(a)(1); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), or his age, *see* 29 U.S.C. § 623(a)(1); *Tickles*, 805 F. App'x at 207–208. Nonetheless, the elements of the prima facie claim are "helpful to gauge the sufficiency of the allegations." *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

Defendant's challenges concern the purported deficiency in Plaintiff's pleading that the refusal to hire him was because of his race or age.[5] "To allege that an employer acted because of an employee's protected status, there must be some connective thread between the alleged mistreatment and the protected status." *Brooks v. United Parcel Service Inc.*, No. CV DKC 20-2617, 2021 WL 4339194, at *12 (D. Md. Sept. 23, 2021) (citations omitted)). "In other words, the facts alleged must 'support a *reasonable inference* that the decisionmakers were motivated by bias.'" *Copes v. Johns Hopkins Univ. Applied Physics Lab'y, LLC*, No. CV RDB-23-2306, 2025 WL 19987, at *4 (D. Md. Jan. 2, 2025) (emphasis in original) (quoting *McCleary-Evans*, 780 F.3d at 586. Allegations that may support a plausible, reasonable inference of unlawful discrimination include those that "similarly-situated employees outside the protected class received more favorable treatment," *Johnson*, 163 F.4th at 815 (quoting *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)), or any other factual allegations that Defendant acted with an unlawful discriminatory motive, *see Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 573 (4th Cir. 2023).

Plaintiff's allegations here focus on the former—that Defendant hired individuals who were younger than him and/or white—to support a plausible inference of unlawful discrimination.[6] Plaintiff contends that Defendant refused to rehire him and "instead selected younger and/or white candidates with equal or lesser qualifications." (ECF No. 1 ¶ 11.) He elsewhere contends the younger candidates were "substantially younger." *Id.* ¶ 31. The court agrees with Defendant that Plaintiff's threadbare allegations, devoid of any factual basis or detail, are insufficient to support

[5] The court understands Defendant's arguments regarding Plaintiff's termination to bear on Plaintiff's allegations of a discriminatory (or retaliatory) motive, as opposed to Plaintiff's qualifications for the position under the prima face case. (ECF No, 9-1 at pp. 5–7.)

[6] Plaintiff also references what he contends is a "substantial underrepresentation of Black educators" in Howard County secondary schools. (ECF No. 1 ¶ 16.) Plaintiff's subjective characterization, without more, is insufficient to support the requisite plausible inference.

a plausible inference. The Fourth Circuit's analysis in *Tickles v. Johnson* provides helpful guidance on this point:

> Even construed in the light most favorable to Appellant, his allegations are too conclusory and factually unadorned to give rise to a reasonable inference that Appellee's challenged employment decisions were made because of his age. *See McCleary-Evans*, 780 F.3d at 585–88; *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (affirming dismissal of a complaint where the allegations of race discrimination "do not rise above speculation"). Notably absent from the Complaint are specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, Appellant's own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger than him). *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (observing the inference that employment decision was based on age discrimination "cannot be drawn from the replacement of one worker with another worker insignificantly younger"). Without such details, we are left with mere speculation.

805 F. App'x at 208.

The same insufficiency noted by the *Tickles* court is present here. Focusing specifically on comparators, "[w]hen a plaintiff offers a comparator, the plausibility of [his] claim depends upon whether that comparator is similarly situated." *Seabrook v. Driscoll*, 148 F.4th 264, 271 (4th Cir. 2025). "[A]t the motion to dismiss stage, the plaintiff should . . . 'identify the proposed comparator and establish a plausible basis for believing [the employee was] actually similarly situated.'" *Gaines*, 657 F. Supp. 3d at 736 (alteration in original) (quoting *Asi v. Info. Mgmt. Group, Inc.*, GLR-18-3161, 2019 WL 4392537, at *6 (D. Md. Sept. 13, 2019)).

Plaintiff's allegations are entirely lacking on this point. He alleges younger and/or white candidates who were less or equally qualified were hired; however, crucially, he fails to provide any factual foundation—as to the proposed comparators or their qualifications for the position, the

qualifications for the position more generally, or any other factual basis to support that they were in fact similarly situated to Plaintiff. Therefore, Plaintiff has not nudged his claims across the line from possible to probable. *See Rivera v. Howard Cnty. Pub. Schs.*, No. CV BPG-19-3598, 2021 WL 2260376, at *4 (D. Md. June 3, 2021) ("Plaintiff's allegation that defendant hired people outside of plaintiff's national origin does not, without supporting specific facts, give 'rise to an inference of unlawful discrimination.'") (quoting *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)); *Freeman v. Beverly*, No. 8:19-CV-01784PX, 2020 WL 2747392, at *5 (D. Md. May 27, 2020) ("The Fourth Circuit, however, has found that a claim cannot survive dismissal if the inference of discrimination rests solely on the fact that someone outside the plaintiff's protected class was selected. . . . This is because permitting a Title VII claim to proceed on such a threadbare allegation cannot 'be squared with the Supreme Court's command that a complaint must allege more than a sheer possibility that a defendant has acted unlawfully.'") (citations omitted).

The deficiency of Plaintiff's pleading is more pronounced when considering that, by his own admission, Defendant previously terminated him for cause before selecting others for the positions he applied for in September 2024. Where a plaintiff's complaint "leaves open to speculation the cause for the defendant's decision to select someone other than [him], and the cause that [he] asks [the court] to infer (*i.e.,* invidious discrimination) is not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions." *McCleary-Evans*, 780 F.3d at 588. As discussed above, "to nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' . . . and to rule out 'obvious alternative explanation[s]' for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. — , 146 S. Ct.

1391, 1399 (2026) (regarding the *Iqbal*/*Twombly* "well-established federal pleading standards") (citations omitted). Under this standard, while a plaintiff need not establish a prima facie case at the Rule 12(b)(6) stage, the court still "must be satisfied" that the "obvious alternative explanation" does not "render [the plaintiff's] allegations implausible." *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017); *see Renibe v. Univ. of Maryland, Coll. Park*, No. CV DKC 22-0618, 2023 WL 2585664, at *7 (D. Md. Mar. 21, 2023) ("The allegation that an employer treated a Black employee more harshly than a similarly situated employee of another race may be sufficient to create this reasonable inference, . . . unless an 'obvious alternative explanation' makes it implausible that the differential treatment occurred because of race.") (citations omitted).

Plaintiff's failure to allege any factual basis for his claims about the purported comparators further fails to support a plausible discriminatory inference in view of the obvious alternative explanation for Defendant's decision not to hire him—that he had previously been terminated for cause from his teaching position. Plaintiff's Complaint is devoid of even a modest factual foundation upon which to reasonably infer or conclude that these purported comparators were similarly situated to him or that Defendant's decision was motivated by discriminatory animus, as opposed the obvious alternative explanation. Although Plaintiff need not establish a prima facie case at the present stage, his allegations must nonetheless be sufficient to support a plausible discriminatory motivation, and that the obvious alternative explanation does not render his claim implausible. Plaintiff fails entirely to do this.[7] *Cf. Aljizzani v. Middle E. Broad. Networks, Inc.*, 178 F.4th 863, 869–70 (4th Cir. 2026) (noting that "[w]ithout any suggestion that any other

[7] The court understands that, as Plaintiff states in opposition, this action concerns a discrete employment action, separate from his termination by Defendant. (ECF No. 12 at p. 1.) However, his termination—which he places before the court in his Complaint—is nonetheless relevant as described above. To be clear, that a plaintiff was previously terminated from employment does not foreclose that he may plausibly allege (or prove) a discriminatory motive in a defendant's refusal to rehire him. The issue here, however, is that Plaintiff fails to offer any factual basis to support such an inference.

employee engaged in the same conduct and was not terminated, an inference of discrimination is unwarranted and implausible, particularly 'in light of the obvious alternative explanation' that [the plaintiff] was fired for insubordination") (citation omitted).

In view of the foregoing, Plaintiff fails to state a claim of discrimination under Title VII or the ADEA. The court will grant the Motion on that basis.[8]

**B. Retaliation Claim**

The court next considers Defendant's argument that, beyond his allegation of previously filed grievances, Plaintiff's retaliation claim is devoid of a factual basis and therefore insufficient to state a claim. (ECF No. 9-1 at pp. 2, 5–8.)

Title VII prohibits employers from retaliating against an employee "because he has opposed any practice made an unlawful employment practice" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). A plaintiff "may prove that an employer took action with . . . retaliatory intent through direct evidence or through the burden-shifting framework of *McDonnell Douglas*." *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 327 (4th Cir. 2018). The elements of a prima face case of retaliation under this burden-shifting framework, applicable here, include: "(1) [the plaintiff] engaged in protected activity, (2) the employer took adverse action against [him], and (3)

[8] Although not clearly asserted, to the extent Plaintiff intended to assert a disparate impact claim under Title VII, *see* 42 U.S.C. § 2000e-2(k)(1)(A)(i), his allegations fail to state a claim. "[A] plaintiff establishes a prima facie disparate-impact claim by showing that the employer '*uses* a particular employment practice that causes a disparate impact' on one of the prohibited bases." *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 212 (2010) (quoting 42 U.S.C. § 2000e-2(k)). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is 'responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities.'" *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005) (emphasis in original) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656 (1989)). In failing to identify any specific employment practice, Plaintiff plainly fails to allege a plausible claim. *See, e.g.*, *Saas v. Major, Lindsey & Afr., LLC*, No. 1:23-CV-02102-JRR, 2024 WL 2113654, at *5 (D. Md. May 10, 2024), *aff'd*, No. 24-1527, 2024 WL 4850774 (4th Cir. Nov. 21, 2024) (finding a plaintiff failed to state a disparate impact claim where she identified no particular employment practice); *Tomov v. Micron Tech. Inc.*, No. 1:24-CV-00960-MSN-LRV, 2024 WL 4806489, at *6 (E.D. Va. Nov. 15, 2024) (same regarding a general workforce-wide policy at issue).

a causal relationship existed between the protected activity and the adverse employment action." *Johnson*, 163 F.4th at 819 (citing *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015)). A retaliation claim "may survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) even if the complaint does not allege facts sufficient to establish the *McDonnell Douglas* framework's prima facie case." *Barbour v. Garland*, 105 F.4th 579, 590 (4th Cir. 2024). "At bottom, in order to adequately plead a Title VII retaliation claim, the complaint must 'allege facts supporting a plausible inference that the employer took an adverse . . . action against the plaintiff 'because' of the plaintiff's protected activity.'" *Id.* (citation modified) (quoting *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022)).

Plaintiff's factual allegations, again, are deficient here because he fails to allege the necessary factual basis underlying his purported protected activity to support any inference of causation. With regard to his protected activity, Plaintiff contends he filed internal grievances and administrative complaints alleging race discrimination and retaliation; however, critically, he does not allege about whom or to whom these complaints were made. Stated differently, Plaintiff fails to allege facts tying his internal grievances and administrative complaints to Defendant in any way (beyond averring that Defendant was aware of them). This is insufficient to support a plausible retaliation claim under Title VII.

Even assuming Plaintiff did allege a tie between his protected activity and Defendant, his allegations are nonetheless insufficient to plead a plausible causal relationship between his protected activity and any resulting adverse action. Plaintiff may establish the necessary causal relationship through two paths: 1) "temporal proximity between the protected activity and adverse action," or 2) "other relevant evidence [that] indicates 'continuing retaliatory conduct and animus' toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Virginia*, 65 F.4th 151, 156 (4th

Cir. 2023) (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)); *see Andrews v. Dejoy*, No. 24-2218, 2026 WL 74575, at *3 (4th Cir. Jan. 9, 2026) (discussing same). The Fourth Circuit has not adopted a "bright-line rule for temporal proximity," but has acknowledged that extended periods between a protected activity and adverse action, absent additional allegations, do not support a causal link. *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022); *see Seabrook v. Driscoll*, 148 F.4th 264, 273 (4th Cir. 2025) (discussing same).

On this point, once again Plaintiff's allegations are nearly nonexistent. Plaintiff asserts he engaged in protected activity prior to his non-selection for positions in 2024, and that his "non-selection occurred shortly after his protected activity, establishing a causal connection between the two." (ECF No. 1 ¶¶ 12–13.) While Plaintiff alleges that the adverse action (the non-selection) occurred "shortly after," he offers no factual support for this conclusory assertion. In all, Plaintiff's sole allegation to support such a claim is entirely vague and insufficient to support a plausible inference of causation. *See, e.g.*, *Kaywan v. Aldi LLC*, No. 1:24-CV-1633 (RDA/IDD), 2026 WL 1021835, at *4 n.4 (E.D. Va. Apr. 15, 2026) ("Standing alone, Plaintiff's allegation that his termination was 'not long after' his supervisors learned he had made the reports is too vague to support causation because it lacks the identification of a date to properly calculate whether temporal proximity exists."). And, as with his discrimination claim, Plaintiff's allegations fail to offer a factual basis to support such a plausible inference when considering the obvious alternative explanation.

The court will similarly grant the Motion on that basis.[9]

[9] To the extent Plaintiff contends the court should permit this case to proceed to discovery because relevant facts are within Defendant's control, *see* ECF No. 12 at p. 6, "[i]n order to proceed to discovery, a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. — ,146 S. Ct. 1391, 1399 (2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023 WL 2743361, at *35 (D. Md. Mar. 31, 2023) (noting that discovery is not "a fishing expedition" that can be used to avoid the requirement that a plaintiff "satisfy a

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the Motion will be granted.[10]

August 10, 2026

/S/
________________________________
Julie R. Rubin
United States District Judge

plausibility [pleading] standard, *i.e.*, more than possible and less than probable") (quoting *Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 414 (E.D.N.Y. 2013)).

[10] Notwithstanding Defendant's request, the court declines to dismiss Plaintiff's Complaint with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").