**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **STEPHEN A. PRICE,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**BOARD OF EDUCATION OF HOWARD COUNTY,**<br><br>***Defendant.*** | **Civil No.: 1:25-cv-03444-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending now before the court is Plaintiff's Motion to Alter or Amend Judgment and for Leave to File First Amended Complaint at ECF No. 18 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

On August 10, 2026, this court granted Defendant's motion to dismiss and dismissed the three counts raised in Plaintiff's Amended Complaint—retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); race discrimination in violation of Title VII (Count II); and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). (ECF No. 16.) The court incorporates herein its full memorandum opinion at ECF No. 16 but briefly summarizes its holding as relevant here.

As to Plaintiff's race and age discrimination claims, the court found that Plaintiff failed to allege facts to support a plausible and reasonable inference "that the decisionmakers were motivated by bias.'" *Id.* at p. 6 (quoting *Copes v. Johns Hopkins Univ. Applied Physics Lab'y, LLC*, No. CV RDB-23-2306, 2025 WL 19987, at *4 (D. Md. Jan. 2, 2025)). While Plaintiff relied on purported comparators, he "fail[ed] to provide any factual foundation—as to the proposed comparators or their qualifications for the position, the qualifications for the position more

generally, or any other factual basis to support that they were in fact similarly situated to Plaintiff." *Id.* at pp. 7–8; *see Seabrook v. Driscoll*, 148 F.4th 264, 271 (4th Cir. 2025) (noting that "[w]hen a plaintiff offers a comparator, the plausibility of [his] claim depends upon whether that comparator is similarly situated"). The court found that deficiency particularly pronounced in view of his prior termination from employment by Defendant; "to nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' . . . and to rule out 'obvious alternative explanation[s]' for the defendant's conduct." (ECF No. 16 at pp. 8–9) (quoting *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589–90 (2026)).

As to Plaintiff's retaliation claim, the court found that "Plaintiff's factual allegations, again, are deficient here because he fails to allege the necessary factual basis underlying his purported protected activity to support any inference of causation." *Id.* at p. 11. The court noted that Plaintiff failed to allege facts supporting a showing that he engaged in protected activity and then noted, "[e]ven assuming Plaintiff did allege a tie between his protected activity and Defendant, his allegations are nonetheless insufficient to plead a plausible causal relationship between his protected activity and any resulting adverse action." *Id.* While Plaintiff could plausibly allege such a causal relationship through "temporal proximity between the protected activity and adverse action," *see id.* (quoting *Alberti v. Rector & Visitors of the Univ. of Virginia*, 65 F.4th 151, 156 (4th Cir. 2023)), Plaintiff failed to plead sufficient facts to support same. *Id.* at pp. 11–12.

Plaintiff now brings the instant Motion asking the court to alter or amend its order to permit Plaintiff to file his proposed First Amended Complaint, which, he contends, addresses the deficiencies identified in the court's memorandum opinion. (ECF No. 18.)

In order to consider whether to permit Plaintiff to amend his complaint, the court must first determine whether to vacate its dismissal of same. In view of the fact that the case was closed by order granting Defendant's motion to dismiss, the court evaluates the request to reopen and the proposed amended pleading using the same standard, which is to say, the analysis fairly collapses into a single consideration based on the standard set forth in Federal Rule of Civil Procedure 15. *See Katyle v. Penn Nat'l. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("To determine whether vacatur is warranted . . . the court need not concern itself with [Rule 59(e)'s].[1] legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to FED. R. CIV. P. 15(a)."); *Bond v. United States*, 742 F. App'x. 735 (4th Cir. 2018) (same).

Absent an amendment as a matter of course, not at issue here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). While it is the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *see Galustian v. Peter*, 591 F.3d

---

[1] The Fourth Circuit later clarified:

> [T]he law in our circuit remains that a motion to amend a complaint filed after a final judgment has been entered cannot be considered until the judgment has been vacated — "the district court may not grant the post-judgment motion [to amend the complaint] unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Laber*, 438 F.3d at 427. And after satisfying the standard for vacating the judgment under the applicable rule — whether it be Rule 59(e) or Rule 60(b) — the court may consider the motion to amend under the established standard for doing so under Rule 15(a). When the motion to vacate the judgment is made under Rule 59(e), the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend. *See Laber*, 438 F.3d at 427–28. But when the motion to vacate is filed under Rule 60(b), the more restrictive standard for granting that motion must be satisfied before consideration can be given to the motion to amend.

*Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024).

724, 729 (4th Cir. 2010) (citing *Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)), a district court should deny a motion for leave to amend a pleading "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (noting that Fourth Circuit "generally encourage[s] amendment" except where there is prejudice to the opposing party, bad faith, or futility of the amendment). Relevant here, a court may deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle*, 637 F.3d at471 (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

While the court appreciates that Plaintiff has endeavored to build upon his allegations to cure the deficiencies noted in the court's prior memorandum opinion, his request to amend is futile because his allegations remain insufficient to support plausible claims of race and age discrimination or retaliation. In reaching this conclusion, (as mentioned above) the court incorporates its memorandum opinion at ECF No. 16, but addresses specific deficiencies below.

With regard to Plaintiff's proposed age and sex discrimination claim, in relevant part, Plaintiff's amendment seeks to allege additional details regarding the comparators at issue—alleging by name two individuals who were hired and who are both white and under 40. (ECF No. 18-2 ¶¶ 54–59.) Plaintiff admittedly alleges no facts related to their qualifications for their positions. *See id.* ¶ 63 ("Plaintiff does not possess Defendant's confidential hiring or personnel records concerning [the two proposed comparators] and does not allege confidential facts

concerning those individuals that are unknown to him"). Plaintiff's allegations remain deficient in the same way the court noted in its previous opinion. His allegations "fail[] to provide any factual foundation—as to the proposed comparators or their qualifications for the position, the qualifications for the position more generally, or any other factual basis to support that they were in fact similarly situated to Plaintiff;" therefore, the allegations do not "nudge[] his claims across the line from possible to probable." (ECF No. 16 at pp. 7–8.) Further, as the court set forth in its prior analysis:

> The deficiency of Plaintiff's pleading is more pronounced when considering that, by his own admission, Defendant previously terminated him for cause before selecting others for the positions he applied for in September 2024. Where a plaintiff's complaint "leaves open to speculation the cause for the defendant's decision to select someone other than [him], and the cause that [he] asks [the court] to infer (*i.e.,* invidious discrimination) is not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions." *McCleary-Evans*, 780 F.3d at 588. As discussed above, "to nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' . . . and to rule out 'obvious alternative explanation[s]' for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. — , 146 S. Ct. 1391, 1399 (2026) (regarding the *Iqbal*/*Twombly* "well-established federal pleading standards") (citations omitted). Under this standard, while a plaintiff need not establish a prima facie case at the Rule 12(b)(6) stage, the court still "must be satisfied" that the "obvious alternative explanation" does not "render [the plaintiff's] allegations implausible." *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017); *see Renibe v. Univ. of Maryland, Coll. Park*, No. CV DKC 22-0618, 2023 WL 2585664, at *7 (D. Md. Mar. 21, 2023) ("The allegation that an employer treated a Black employee more harshly than a similarly situated employee of another race may be sufficient to create this reasonable inference, . . . unless an 'obvious alternative explanation' makes it implausible that the differential treatment occurred because of race.") (citations omitted).
>
> Plaintiff's failure to allege any factual basis for his claims about the purported comparators further fails to support a plausible

> discriminatory inference in view of the obvious alternative explanation for Defendant's decision not to hire him—that he had previously been terminated for cause from his teaching position. Plaintiff's Complaint is devoid of even a modest factual foundation upon which to reasonably infer or conclude that these purported comparators were similarly situated to him or that Defendant's decision was motivated by discriminatory animus, as opposed the obvious alternative explanation.

*Id.* at pp. 8–9. The same remains the case with Plaintiff's proposed amendment. Thus, Plaintiff's proposed amended race and age discrimination claims fail to state plausible claims, and amendment would therefore be futile.

With regard to his proposed amended retaliation claim, Plaintiff alleges additional details to document his alleged protected activity between 2019 and 2022,[2] but the issue remains that Plaintiff does not allege adverse action until years later in 2024. (ECF No. 18-2 ¶¶ 65–96.) The period of years between his protected activity and any adverse action fails to support a reasonable causal inference. *See Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022) ("[A]lthough there is no bright-line rule for temporal proximity, in previous cases we have held that 'a three-month period between the protected activity and the adverse action,' without more, 'does not support a finding that there is a causal link.'") (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021)). Adding to that, Plaintiff does not plausibly allege the "more" that would support a finding of the causal link—there are no "intervening events can bridge what would otherwise be a prohibitively long temporal gap." *See id.;*[3] *and see Seabrook v. Driscoll*, 148 F.4th

[2] The court assumes without deciding that Plaintiff's alleged actions constitute protective activity under Title VII.

[3] The court acknowledges that Plaintiff contends his amended retaliation claim "does not depend solely on temporal proximity," *see* ECF No. 18-1 at p. 6, but his allegations do not otherwise bridge the gap. That Defendant knew who Plaintiff was and that he had previously alleged race discrimination is not an "intervening event[]" to bridge the temporal gap. *See Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022). Further, it is unclear if Plaintiff's allegations regarding Defendant's Human Resources recordation of his final evaluation as "Effective" in September 2024 occurred before or after his non-selection for the positions, *see* ECF No. 18-2 ¶¶ 85–94 (describing events occurring "[a]t approximately the same time"). In any event, such an allegation similarly does not raise an intervening event that would bridge the temporal gap between his protected activity and adverse action. Moreover, these allegations similarly do not raise "other relevant evidence [that] indicates 'continuing retaliatory conduct and

264, 273 (4th Cir. 2025) (discussing same). Plaintiff's proposed amended retaliation claim thus similarly fails to state a plausible claim; therefore, amendment for that purpose would be futile.

Accordingly, in view of the foregoing, and for the reasons discussed at length in the court's memorandum opinion at ECF No. 16, it is this 21st day of October 2026:

**ORDERED** that the Motion (ECF No. 18) shall be, and is hereby, **DENIED**.

Madam Clerk shall **CLOSE** this case.

/S/
________________________________
Julie R. Rubin
United States District Judge

animus' toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Virginia*, 65 F.4th 151, 156 (4th Cir. 2023) (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)). Indeed, beyond the foregoing, Plaintiff alleges that those hired were white and under 40, but such facts do not support a plausible retaliatory animus.